# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| MATTHEW SHERMAN PHILLIPS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-00395-LCB-HNJ |
| ) | |
| WARDEN CHILDERSBURG ) | |
| COMMUNITY WORK CENTER, ) | |
| ) | |
| Respondent. | |

## MEMORANDUM OPINION AND ORDER

The Magistrate Judge entered a report (Doc. 10) on December 20, 2024, recommending that the court grant Respondent's Motion to Dismiss (Doc. 6); dismiss without prejudice petitioner Matthew Sherman Phillips's ("Phillips") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because this court lacks jurisdiction over his successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A); and deny as moot the Motion for Summary Judgment (Doc. 7). The Magistrate Judge further recommended that the court deny Phillips's Motion to Convert his habeas petition to one invoking 28 U.S.C. § 2241 (Doc. 8 at 4). On January 15, 2025, the court received Phillips's Motion to File Belated Objection Through No Fault of Phillips. (Doc. 12). Phillips asks this court to consider his late-filed objections because he did not receive the December 20, 2024, Report and

Recommendation until January 6, 2025. (Doc. 12 at 1-2). The court **GRANTS** Phillips's motion and will consider his late-filed objections. (Doc. 12).

In his Objection to the Report and Recommendation, Phillips repeats the arguments he made to the Magistrate Judge. (*See* Doc. 13). He first argues the Magistrate Judge erred in recharacterizing his *pro se* habeas petition brought pursuant to 28 U.S.C. § 2241 to one invoking § 2254 because the Magistrate Judge failed to issue the appropriate warnings beforehand. (Doc. 13 at 1-2, 4-5). As the Magistrate Judge correctly explained in the December 20, 2024, Report and Recommendation:

> *Castro* [*v. United States*, 540 U.S. 375 (2003)]*'s* requirements do not apply to successive § 2254 habeas petitions. *See Castro*, 540 U.S. at 377 (holding "the court cannot so recharacterize a *pro se* litigant's motion as the litigant's ***first*** § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing" (first emphasis added)); *Gonzalez v. Sec'y for Dep't of Corrs.*, 366 F.3d 1253, 1277 n.10 (11th Cir. 2004) ("The *Castro* decision does not extend beyond initial filings, and nothing the Supreme Court said or did in that case implies that the § 2244(b) restrictions can be evaded by the simple expedient of labeling second or successive filings to be something they are not."); *Ponton* [*v. Sec'y, Fla. Dep't of Corrs.*], 891 F.3d [950,] 954 n.7 [(11th Cir. 2018)] (citing *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005) ("*Castro*'s warn-and-allow-withdrawal approach does not apply [to successive petitions].")); *Brumfield v. Governor of Ala.*, No. 16-15811-B, 2017 WL 3977197, at *3 (11th Cir. June 1, 2017) (Order) (explaining "[t]he remedy for a *Castro* violation is that the recharacterized motion can no longer be considered a ***first*** motion for purposes of applying the restrictions on second or successive motions

2

to later motions" (emphasis added)).  As discussed below, Phillips's 2024 § 2254 Habeas Petition constitutes a second or successive habeas petition.  Therefore, the court did not need to warn Phillips prior to recharacterizing his § 2241 habeas petition as a vehicle invoking 28 U.S.C. § 2254.

(Doc. 10 at 28-29).  The caselaw cited by Phillips in support of his argument is inapposite to his circumstances as said case involved a district court's recharacterization of an initial filing to a habeas petition rather than a successive filing.  (*See* Doc. 13 at 4 (citing *Parks v. McNeil*, No. 4:07cv493/WS/MD, 2009 U.S. Dist. LEXIS 76570, at *7 (N.D. Fla. Aug. 10, 2009) ("[T]he Eleventh Circuit denied the application [for an order authorizing the district court to consider a second or successive § 2254 petition] as unnecessary, explaining that because the [district court] recharacterized petitioner's ***initial filing*** as a habeas petition under 28 U.S.C. § 2241 'without warning him of the potential consequences of such recharacterization or giving him the opportunity to withdraw or amend the document;' that recharacterized petition does not render a subsequent § 2254 petition 'second or successive' for purposes of 28 U.S.C. § 2244(b)'s restrictions." (emphasis added)), *report and recommendation adopted by* 2009 U.S. Dist. LEXIS 76568 (N.D. Fla. Aug. 25, 2009)).  Phillips's objection on this basis warrants overruling.

Phillips next contends § 2254 does not govern his petition because he challenges the execution of his sentence rather than his judgment of conviction.  (*See* Doc. 13 at 3-5).  Binding Eleventh Circuit precedent forecloses Phillips's argument

as explained by the Magistrate Judge in his December 20, 2024, Report and Recommendation:

> That Phillips challenges the execution of his 2008 Sentences rather than collaterally attacking his convictions or sentences does not alter the finding that Phillips "is in custody pursuant to the judgment of state court," and thus, does not render § 2254 inapplicable to Phillips's current habeas petition. See *Thomas* [*v. Crosby*], 371 F.3d [782,] 787 [(11th Cir. 2004)] (finding "no merit" to petitioner's argument § 2254 should not apply to his habeas petition because said petition did not collaterally attack his state court conviction but instead challenged a decision of the state parole board concerning petitioner's parole eligibility – "Section 2254 is triggered where a prisoner is 'in custody pursuant to the judgment of a State court.' 28 U.S.C. § 2254(a)."); *Medberry* [*v. Crosby*], 351 F.3d [1049,] 1061 [(11th Cir. 2003)] (rejecting petitioner's argument that § 2254 "does not reach challenges to the execution of a sentence" or "where the exact custody of which the prisoner complains is a result of administrative proceedings . . . not State court judgments" because "to implicate § 2254, the prisoner must be 'in custody pursuant to the judgment of a State court'" and petitioner "undeniably [was] in custody pursuant to the judgment of a [state] court"); *Wright v. Sec'y, Fla. Dep't of Corr.*, No. 17-10903-G, 2017 WL 11767520, at *3 (11th Cir. Oct. 25, 2017) ("The instances in which a state prisoner could bring a petition governed only by § 2241 are limited to those instances where a state prisoner is not in custody pursuant to the judgment of a state court - such as state pre-trial detention." (citing *Medberry*, 351 F.3d at 1060)); *Singleton v. Norris*, 319 F.3d 1018, 1022-23 (8th Cir. 2003) (en banc) ("Section 2255, governing federal prisoners, contains narrower language than that in § 2254, which governs state prisoners. The focus of § 2254 is on the petitioner's custody, not, as in § 2255, on flaws in the underlying judgment or sentence. Thus, § 2254 is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence." (citing *Crouch v. Norris*, 251 F.3d 720, 722-23 (8th Cir. 2001)); *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir. 2001) (holding that "[state prisoners] must rely on Section 2254 in challenging the execution of [their] sentence[s]" because allowing a

state prisoner to proceed under § 2241 rather than § 2254 would "thwart Congressional intent" as Congress restricted the ability of state prisoners to file second or successive habeas petition pursuant to § 2244(c)).

(Doc. 10 at 25-27). Phillips's objection on this basis warrants overruling.

After careful consideration of the record in this case, the Magistrate Judge's report, and Phillips's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, it is **ORDERED** that Phillips's Motion to Convert his habeas petition to one invoking 28 U.S.C. § 2241 (Doc. 8 at 4) be **DENIED**; Respondent's Motion to Dismiss (Doc. 6) be **GRANTED**; and the Motion for Summary Judgment (Doc. 7) be **DENIED** as **MOOT**. It is **FURTHER ORDERED** that Phillips's construed Motion to Strike Respondent's response to his habeas petition be **DENIED**. (*See* Doc. 13 at 1). Although Phillips contends the response contains "false and erroneous information which is prejudicial and not based in law or fact," the Respondent attached the documents filed in another prisoner's action brought pursuant to 28 U.S.C. § 2254 to his response to demonstrate the appropriateness of filing a motion to dismiss – the Respondent does not contend the documents relate to Phillips or the charges to which Phillips was ultimately convicted. (*See* Doc. 5 at 9 n.1). The court finds Phillips's § 2254 habeas petition is due to be **DISMISSED WITHOUT PREJUDICE**

because this court lacks jurisdiction over his successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A). A final judgment will be entered.

    **DONE** and **ORDERED** March 11, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE